ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 13 2001
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| DEMARCO L. MOSBY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:99-CV-1478-D |
| VS. § | |
| § | |
| ROGER A. RUDLOFF, DPO, et al., § | |
| § | |
| Defendants. § | |

ENTERED
MAR 14 2001
U.S.D.C.

### ORDER

Three defendant police officers sued by plaintiff Demarco L. Mosby ("Mosby") move for summary judgment dismissing all claims against them. They filed their motion on January 31, 2001. Under N.D. Tex. Civ. R. 7.1(e), Mosby's response was due February 20, 2001. Even applying the prison mailbox rule, his response is now several weeks overdue, and the motion is ripe for decision.

Because defendants will not have the burden of proof at trial on Mosby's claims, they can meet their summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once they do so, Mosby must then go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Moreover, Mosby, as the summary judgment nonmovant, must produce evidence to establish the existence of each element for which he bears the burden of proof. *See Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

Mosby has failed to respond to defendants' motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however,

to accept defendants' evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, his failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The fact that Mosby is litigating this case *pro se* does not alter this rule. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.* at 1005.

Defendants have met their obligation of pointing the court to the absence of evidence to support Mosby's causes of action by adducing their own evidence that they had probable cause to arrest him and that the force used to arrest him was not excessive. Mosby has not adduced proof that is sufficient to create a genuine issue of fact. Defendants are therefore entitled to summary judgment.

\* \* \*

Defendants' January 31, 2001 motion for summary judgment is granted and this action is dismissed by judgment filed today.

**SO ORDERED**.

March __13__, 2001.

                                                     _____
                                                     SIDNEY A. FITZWATER
                                                     UNITED STATES DISTRICT JUDGE